**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUDREY OWENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-792 HEA |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Employee Benefit Committee of Leidos's Motion to Dismiss Counts II and III of Plaintiff Audrey Owens's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 37). Plaintiff opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court will deny the Motion to Dismiss.

## *I. Background*

Plaintiff Audrey Owens, who was at one time an employee of Leidos Inc. ("Leidos"), brought suit against Defendant Life Insurance Company of North America d/b/a Cigna ("Cigna") and the Defendant Employee Benefit Committee of Leidos (hereinafter "Benefits Committee"). Plaintiff alleges Defendants breached their statutory, contractual, and fiduciary obligations in violation of the Employee

Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001 *et. seq.* ("ERISA").  She brings the following claims in her Amended Complaint: wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(b) against Cigna (Count I); breach of fiduciary duty pursuant to 29 U.S.C. § 1123(a)(3) against Benefits Committee (Count II); and breach of fiduciary duty pursuant to 29 U.S.C. § 1132(c)(1) against Benefits Committee (Count III).  Plaintiff seeks unpaid past benefits, reinstatement under the long-term disability plan, an order that Cigna begin future long-term disability benefits, statutory penalties, attorneys' fees and costs.

On February 10, 2025, Plaintiff and Cigna filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Benefits Committee filed the motion to dismiss presently at bar.  Benefits Committee moves that the Court dismiss all remaining claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## *II.  Rule 12(b)(6) Legal Standard*

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*,

831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. *Iqbal,* 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

### III.    *Factual Allegations*

Plaintiff became an employee of Leidos in May 2018 when Leidos took over operations of another defense contractor that was Plaintiff's employer.  Prior to the Leidos takeover, Plaintiff was enrolled in an employee welfare benefit plan that provided Long Term Disability ("LTD") benefits.  Plaintiff alleges that as an

3

employee of Leidos, she was a vested participant in a Group Insurance Policy issued by Cigna that provided LTD benefits for certain employees of Leidos under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 (hereinafter the "LTD Plan").

Shortly after becoming an employee of Leidos, Plaintiff became disabled and unable to work due to issues with her gallbladder, persistent gastrointestinal symptoms, and worsening of her degenerative neck and back pain.  On June 27, 2018, Plaintiff underwent surgery to remove her gallbladder.  Plaintiff alleges that following her surgery, she began experiencing worsening pain symptoms in her neck and lower back, which radiated into her left arm and her legs, but due to her gallbladder surgery, she was unable to continue physical therapy for her neck and back.  She also alleges that after her surgery, she continued to suffer from severe gastrointestinal symptoms.

Plaintiff made a claim for benefits under the LTD Plan, and on February 1, 2019, Cigna denied Plaintiff's claim on the basis that Plaintiff was not covered under the LTD Plan at the time she became disabled.  In its denial of benefits, Cigna stated that Plaintiff's effective date of insurance was January 1, 2019, "which was based on an email from Leidos [ ] dated January 25, 2019."  (ECF No. 33 at 4).  Plaintiff avers that "upon information and belief, [the LTD Plan] was a continuation of a prior

plan and replaced a plan that is no-longer in effect." (*Id.*) She further contends that the LTD Plan "grandfathered in claims under the prior benefit plan." (*Id.*)

Plaintiff also avers she has evidence that Leidos[1] "did not include [Plaintiff] as a covered employee and/or that [Plaintiff] missed an open enrollment period to recertify her LTD coverage and/or that Leidos submitted enrollment information without [Plaintiff]'s consent or knowledge." (*Id.*) Plaintiff alleges this resulted in her not being enrolled in all the benefits plans in which she had customarily and previously been enrolled.

Plaintiff further alleges that all information related to enrollment and available benefits under the LTD Plan was provided via a secure computer "while Plaintiff was either hospitalized or out on medical leave of absence, in other words, when she did not have access to her work email or communications." (*Id.*) According to Plaintiff's Amended Complaint, the Benefits Committee failed to communicate and/or relay necessary information to Plaintiff regarding re-enrollment, open enrollment, and/or necessary steps to continue her benefits under the LTD Plan in any manner other than through her secure work computer, which she did not have access to during the reenrollment and/or open enrollment period. Plaintiff contends that but for Defendant's failure to communicate and/or provide necessary

---

[1] In her Amended Complaint, Plaintiff does not define "Leidos," and it is unclear if she is referring to Leidos, Inc. which is not a party to this suit, or Defendant Employee Benefit Committee of Leidos.

documents, she should have been enrolled in the Plan's LTD benefit program "as she had done for years prior to Leidos taking over her employment." (ECF No. 33 at 5).

Plaintiff also alleges that on July 1, 2022, she requested that Benefits Committee provide her with all governing LTD Plan instruments, but that she never received a response to her request.

## *IV. Discussion*

Defendant Benefits Committee moves to dismiss Count II, Breach of Fiduciary Duty, on two grounds. Defendant argues that the claim is untimely, and that the factual allegations in the Amended Complaint fail to state a claim as a matter of law. As for Count III, Defendant Benefits Committee argues that Plaintiff's conclusory allegations that she was an LTD Plan participant or beneficiary fail to state a claim as a matter of law.

### A. Breach of Fiduciary Duty – Count II

#### *1. Timeliness.*

Suits for breach of fiduciary duty filed under § 1132(a)(2) must be filed within one of three time periods, "each with different triggering events." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 180 (2020). The first period is triggered by the alleged breach. Under § 1113(1), suit must be filed within six years of "the date of the last action which constituted a part of the breach or violation" or, in cases of

breach by omission, "the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113(1). The United States Supreme Court has referred to § 1113(1) as a "statute of repose," which reflects "a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 505 (2017) (internal quotation marks omitted).

The second period accelerates the filing deadline and begins when the plaintiff gains "actual knowledge" of the alleged breach. 29 U.S.C. § 1113(2). Under § 1113(2), the plaintiff must file suit within three years of "the earliest date on which the plaintiff had actual knowledge of the breach or violation." According to the Supreme Court, § 1113(2) is a statute of limitations, which "encourage[s] plaintiffs to pursue diligent prosecution of known claims." *Intel Corp. Inv. Pol'y Comm.*, 589 U.S. at 180 (quotation omitted). For the shorter, three-year statute of limitations to apply, "a plaintiff must have actual knowledge of all material facts necessary to understand that some claim exists." *Brown v. Am. Life Holdings, Inc.*, 190 F.3d 856, 858–59 (8th Cir. 1999); *see also Intel Corp. Inv. Pol'y Comm.*, 589 U.S. at 180 ("to have 'actual knowledge' of a piece of information, one must in fact be aware of it").

Finally, the third period applies "in the case of fraud or concealment," and begins when the plaintiff discovers the alleged breach. 29 U.S.C. § 1113. In these cases, the plaintiff must file suit within six years of "the date of discovery." *Id.*

Benefits Committee contends the first period applies and argues Plaintiff's claims are untimely under 29 U.S.C. § 1113(1). Benefits Committee argues that its last action that could be construed as part of the alleged breach – the failure to properly communicate enrollment information – must have occurred prior to May 24, 2018. Benefits Committee points to the fact that Plaintiff began her employment at Leidos on April 23, 2018, and that under the terms of the LTD Plan, she had 31 days from the date of employment to enroll in the LTD Plan. According to Benefits Committee, to the extent it breached its fiduciary duties and failed to properly communicate LTD Plan enrollment information to Plaintiff, "that failure necessarily had to have occurred prior to May 24, 2018, the end of her Initial Enrollment period." (ECF No. 38 at 13). Plaintiff filed suit on June 6, 2024, which Defendant contends is more than six years after its alleged breach.

Plaintiff does not dispute that under the terms of the LTD Plan that her initial enrollment period ended on May 24, 2018. She also does not dispute that she is alleging, among other things, that Benefits Committee breached its fiduciary duties by failing to properly communicate enrollment information for the LTD Plan. But Plaintiff argues that this is a breach by omission, and the Court agrees. Plaintiff is alleging Benefits Committee failed to act and fulfill its obligations under ERISA.

As the alleged breach is a breach by omission, the six-year statute of repose begins to run from "the last date on which the fiduciary could have cured the breach

or violation," not the date of the alleged breach.  29 U.S.C. § 1113(1).  Plaintiff argues that Benefits Committee could have cured its "errors" up until the last day she was employed by Leidos, which was in December 2018.  Therefore, according to Plaintiff, the six-year statute of limitations for her claim ran from December 2018 not May 2018, and her claim was timely filed.  Benefits Committee responds that it could not have cured the alleged breach in December 2018 because under the terms of the LTD Plan, an employee must be in "Active Service" on the date coverage becomes effective, and Plaintiff was disabled and not in Active Service starting in June 2018.  (ECF No. 46 at 9).

The Court finds that it is not clear from the record when the last day was that Benefits Committee could have cured its alleged breach and enrolled Plaintiff in the LTD Plan.  Even accepting the premise of Defendant's argument – that Benefits Committee could not have cured the alleged breach and enrolled Plaintiff in the LTD Plan while she was on leave and not in Active Service – it is not clear from the Amended Complaint when Plaintiff was in Active Service and when she was on leave.  There is some indication from her allegations that Plaintiff claimed disability following gallbladder surgery on June 27, 2018, and she never returned to work after that date, but it is unclear what her service status was prior to the surgery.  Plaintiff filed suit on June 6, 2024.  Was there a time after June 6, 2018 when Plaintiff was in Active Service and eligible for enrollment in the LTD Plan, and Benefits

9

Committee could have cured its alleged breach?  Benefits Committee is raising the defense of timeliness, and it has not shown, based on the allegations in Amended Complaint, that the latest date on which it could have cured the alleged breach or violation was prior to June 6, 2018.  Therefore, the Court finds Benefits Committee has not established that Plaintiff's claim for breach of fiduciary duty is untimely, and the motion to dismiss is denied as to this issue.  28 U.S.C. § 1113.

### 2.  *Plaintiff has stated a claim for breach of fiduciary duty.*

The Court now turns to whether Plaintiff's Amended Complaint states a claim for breach of fiduciary duty against Benefits Committee.  Plaintiff alleges Benefits Committee violated its duties under ERISA by failing to give her proper and adequate information about enrolling in the LTD Plan.  Alternatively, she alleges the LTD Plan was a continuation of a prior plan in which she was enrolled, and that the LTD Plan "grandfathered in claims under the prior benefit plan."  (*Id.*)

To plead breach of fiduciary duty under ERISA, a plaintiff must allege that (1) defendant was a fiduciary of the plan; (2) defendant was acting in that capacity, and (3) defendant breached a fiduciary duty*." Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009).  ERISA expressly provides that fiduciaries are to "discharge [their] duties ... with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use ...." 29 U.S.C. § 1104(a)(1)(B).  The Eighth

10

Circuit Court of Appeals has stated that this requirement "is further supplemented by the common law of trusts, including the duty of prudence and the duty of loyalty." *Ruessler v. Boilermaker-Blacksmith Nat'l Pension Tr. Bd. of Trs.*, 64 F.4th 951, 961 (8th Cir. 2023) (citing *Skelton v. Radisson Hotel Bloomington*, 33 F.4th 968, 976–77 (8th Cir. 2022)). The duty of loyalty "includes the obligation to deal fairly with all plan members." *Skelton*, 33 F.4th at 977. "[T]he duty of loyalty 'impose[s] additional obligations of communication and disclosure under certain circumstances' beyond those expressly required by ERISA and its regulations." *Ruessler*, 64 F.4th at 961 (quoting *Braden*, 588 F.3d at 598). "[T]he duty also goes further than prohibiting affirmative misrepresentations." *See Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1025 (8th Cir. 2022). A plan administrator breaches its fiduciary duty when it fails to provide a plan participant with the necessary information regarding a plan, such as a summary plan description. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 721 (8th Cir. 2014).

Benefits Committee does not dispute that it was a fiduciary of the LTD Plan or that it was acting in that capacity, but rather it argues that it did not breach its fiduciary duties. Benefits Committee contends that it provided Plaintiff with all required information regarding the LTD Plan in accordance with the governing regulations. In support of its argument, Benefits Committee does not point to allegations in the Amended Complaint or the LTD Plan documents, but rather, it

11

attaches to its motion copies of email correspondence it contends were sent to Plaintiff. According to Benefits Committee, on April 20, 2018, prior to her employment date, it sent to Plaintiff's personal email address a document entitled "New Hire Checklist" that contained, among other things, a link to the Summary Plan Description ("SPD") for the LTD Plan. Benefits Committee also points to the fact that the New Hire Checklist provided the following language regarding election of benefits:

> Benefit elections must be made within 31 days of your hire date. Keep in mind that once submitted, your elections cannot be changed until Open Enrollment, unless you experience an IRS qualified event. Additional information about Leidos benefits and summary plan descriptions can be found below under resources.

(ECF No. 38, Ex. 3). Benefits Committee further asserts that in May 2018, following her employment date, it sent a reminder email to Plaintiff at her work address. Benefits Committee contends that Plaintiff received all of this information before she was hospitalized or out on medical leave. Benefits Committee acknowledges these emails were not attached to Plaintiff's Amended Complaint, but it argues that the Court can consider the emails because by alleging the Benefits Committee breached a fiduciary duty to properly communicate information to her, Plaintiff's allegations necessarily embrace the email communications.

As a rule, "matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss[.]" *Enervations, Inc. v. Minn. Min. & Mfg. Co.*, 380 F.3d

1066, 1069 (8th Cir. 2004). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Id.* "In general, materials embraced by the complaint include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

Here, the Amended Complaint does not allege that Benefits Committee sent Plaintiff emails with LTD Plan information, in fact, it alleges quite the opposite – that the Benefits Committee failed to properly communicate necessary enrollment information to Plaintiff concerning the LTD Plan. The emails are not embraced by the pleadings, instead the Court finds that Benefits Committee provided the emails "in opposition to the pleadings." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003). Defendant is offering the emails to discredit and refute Plaintiff's allegations that she did not receive information about enrolling in the LTD Plan. Therefore, the Court finds that the emails are matters outside the pleadings and are not properly before the Court on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id. See also Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) ("matters outside the pleading … include[e] any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings") (cleaned up).

Further, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion." *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002) (quotation and citation omitted). A district court may, but is not required, to convert a motion to dismiss that incorporates matters outside the pleadings into a motion for summary judgment. Based on the record before it, the Court declines to treat Benefits Committee's motion to dismiss as one for summary judgment under Rule 56.

As discussed above, the attachments to Defendant's motion to dismiss were presented for the purpose of establishing matters that are contested by the parties – whether Benefits Committee provided Plaintiff with information about enrolling in the LTD Plan – but the Court finds that the exhibits are not dispositive as to Plaintiff's claim for breach of fiduciary duty. Even if the Court were to consider the exhibits, a number of questions remain. For example, was the email address to which the April 20, 2018 email was sent Plaintiff's then current personal email address, and did she receive the email; did the links in the attached "New Hire Checklist" include a link to the SPD for the LTD Plan, and was the link an active link that was capable of being opened from an outside computer or did it need to be accessed inside the company and/or from a secure work computer; and was Plaintiff on leave or on "Active Status" when the "reminder" email was sent to her work email in May

2018, and/or did she receive it? The Court demurs considering the email exhibits without a more fully developed record following discovery, and it will decide Benefits Committee's motion to dismiss based on the allegations in the Amended Complaint.

Accepting the allegations in Plaintiff's Amended Complaint as true, the Court finds Plaintiff has sufficiently stated a claim for breach of fiduciary duty under ERISA in that she alleges Defendant failed to provide her with timely and accessible information regarding enrollment in the LTD Plan. *Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997) (the duty of loyalty requires an ERISA fiduciary to communicate any material facts that "could adversely affect a plan member's interests," including "disseminating information directly to plan participants concerning their rights within the plan.") (cleaned up). Benefit Committee's Motion to Dismiss Count II of the Amended Complaint is denied.

## B. Failure to Provide Plan Documents – Count III

In her Amended Complaint, Plaintiff alleges that on July 1, 2022, she requested, in writing, that Benefits Committee provide her with "all governing plan instruments," and that the request was made pursuant to ERISA and its regulations. She further alleges that the Benefits Committee never responded to her request and, therefore, it is subject to penalties pursuant to 29 U.S.C. § 1332(c).

Section 1132(c)(1) provides that a plan administrator may be penalized by the Court for failing to comply with ERISA's disclosure requirements. *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 946–47 (8th Cir. 1999) (citing 29 U.S.C. § 1132(c)(1)). More specifically, ERISA requires plan administrators to furnish plan information when requested by someone who at the time of the request was a "participant or beneficiary" of the relevant ERISA-regulated plan. 29 U.S.C. § 1024(b)(4). The United States Supreme Court has interpreted the term "participant or beneficiary" in this context to mean: (1) an actual plan participant, (2) a current employee, (3) a former employee who has a reasonable expectation of returning to employment, or (4) a former employee who has "a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989).

Defendant argues that Plaintiff fails to state a claim in Count III because she does not fit into any of these enumerated categories. Benefits Committee argues that she does not meet the requirements for the first three categories, and that "for the reasons already discussed," Plaintiff did not have a colorable claim for benefits in July 2022. (ECF No. 38). In other words, Defendant is arguing that because Plaintiff's claim in Count II fails, so must her claim in Count III. But the Court finds that the Amended Complaint does state a claim against Benefits Committee for breach of fiduciary duty under 29 U.S.C. § 1123(a)(3). Finding Plaintiff has stated a claim for breach of fiduciary duty in Count II, Defendant's motion to dismiss Count

16

III is also denied. *Cf. Mead v. Intermec Techs. Corp.*, 271 F.3d 715, 717 (8th Cir. 2001) (affirming dismissal of claim for plan documents because plaintiff was not a former employee with a colorable claim in that his claim for disability benefits failed).

### V. Conclusion

In sum, the Court concludes Plaintiff's Amended Complaint sufficiently sets forth factual allegations that plausibly state claims against Benefits Committee for breach of fiduciary duty under 29 U.S.C. § 1123(a)(3) and for breach of fiduciary duty under to 29 U.S.C. § 1132(c)(1). Further, the Court finds that Benefits Committee has not established that Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1123(a)(3) is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Employee Benefit Committee of Leidos's Motion to Dismiss Counts II and III of Plaintiff Audrey Owens's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**. (ECF No. 37).

Dated this 16th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE